# 24-1422(L), 24-1429 XAP

# United States Court of Appeals
## for the
## Fourth Circuit

---

MUNA AL-SUYID, individually and on behalf of the estates of her family members Abdel Salam al-Suyid, Ibrahim al-Suyid, Khalid al-Suyid and Mustafa al-Suyid; ABDALLA AL-KRSHINY, Individually and on behalf of his family member Ali al-Krshiny and Mustafa al-Krshiny; AHMAD AL-KRSHINY, Individually and on behalf of his family member Ali al-Krshiny and Mustafa al-Krshiny; MAHMUD AL-KRSHINY, Individually and on behalf of his family member Ali al-Krshiny and Mustafa al-Krshiny; IBRAHIM AL-KRSHINY, Individually and on behalf of his family member Ali al-Krshiny and Mustafa al-Krshiny,

*Plaintiffs – Appellants/Cross-Appellees*,

– v. –

KHALIFA HIFTER,

*Defendant – Appellee/Cross-Appellant*,

and

SADDAM HIFTER; KHALID HIFTER; SADDAM HIFTER,

*Defendants*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

# REPLY BRIEF OF APPELLEE/ CROSS-APPELLANT

Robert H. Cox
Madison A. Beatty
James W. Hundley
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
rcox@brigliahundley.com
mbeatty@brigliahundley.com
jhundley@brigliahundley.com

September 27, 2024   *Counsel for Appellee/Cross-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

SUMMARY OF ARGUMENT ...................................................................................1

ARGUMENT ..............................................................................................................2

I.    Appellants Lack Standing to Bring Suit in the Eastern District of Virginia. .....2

II.    Appellants Failed to Identify Deliberate or Extrajudicial Killings and Provided No Evidence of Command Responsibility to Support Liability. ...............4

III.    Mr. Hifter was not an Individual Acting Under Actual or Apparent Authority, or Color of Law of Any Foreign Nation when the Alleged Extrajudicial Killings Occurred. ....................................................................................................7

IV.    Appellants Have Failed to Exhaust Their Administrative Remedies in Libya. ……………………………………………………………………………….8

V.    The Court Must Dismiss this Claim Because it Lacks Jurisdiction under Head-of-State Immunity. ...................................................................................9

CONCLUSION .........................................................................................................10

CERTIFICATE OF COMPLIANCE .......................................................................11

CERTIFICATE OF SERVICE ................................................................................12

# TABLE OF AUTHORITIES

**Cases:**

*Am. Isuzu Motors, Inc. v. Ntsebeza*,
553 U.S. 1028 (2008)...................................................................................7

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)......................................................................................5

*AT&T Corp. v. Syniverse Techs., Inc.*,
No. 12 Civ. 1812 (NRB), 2014 U.S. Dist. LEXIS 125256, 2014 WL 4412392
   (S.D.N.Y. Sept. 8, 2014)............................................................................9

*Baloco v. Drummond Co.*,
640 F.3d 1338 (11th Cir. 2011) ....................................................................2

*Brammer's Adm'r v. Norfolk & W. Ry.*,
107 Va. 206 (1907) .......................................................................................3

*Chowdhury v. WorldTel Bangl. Holding, Ltd.*,
746 F.3d 42 (2d. Cir. 2014)...........................................................................7

*Fugate v. Moore*,
86 Va. 1045 (1890) .......................................................................................4

*Harmon v. Sadjadi*,
273 Va. 184 (2007) .......................................................................................3

*Improvement Co. v. Munson*,
81 U.S. (14 Wall.) 442 (1871) ......................................................................5

*Kadic v. Karadzic*,
70 F.3d 232 (2d Cir. 1995)............................................................................7

*Khulumani v. Barclay Nat. Bank Ltd.*,
504 F.3d 254 (2d Cir. 2007) .........................................................................7

*Kirschenbaum v. 650 Fifth Ave.*,
830 F.3d 107 (2d Cir. 2016)..........................................................................7

*Kirschenbaum v. Assa Corp.*,
934 F.3d 191 (2d Cir. 2019)................................................................7, 8

*Lorraine v. Markel Am. Ins. Co.*,
241 F.R.D. 534 (D. Md. 2007).................................................................6

*Mamani v. Berzain*,
654 F.3d 1148 (11th Cir. 2011) ...............................................................4

*McDaniel v. North Carolina Pulp Co.*,
198 Va. 612 (1956) ..................................................................................3

*Moore v. Smith*,
177 Va. 621 (1941) ..................................................................................3

*Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*,
924 F.2d 1237 (2d Cir. 1991)...................................................................8

*Ramirez v. Temin & Co.*,
2021 U.S. Dist. LEXIS 183760, fn. 2 (S.D.N.Y. Sep. 24, 2021) .............9

*Yousuf v. Samantar*,
699 F.3d 763 (4th Cir. 2012) ...................................................................9

**Statutes:**

28 U.S.C. § 1350...................................................................................2, 7

Virginia Code § 64.2-454 .........................................................................3

Virginia Code § 8.01-50 .......................................................................2, 3

Virginia Code § 8.01-53 ...........................................................................3

# SUMMARY OF ARGUMENT

In addition to the Court lacking personal jurisdiction over Appellee/Khalifa Hifter ("Mr. Hifter"), the District Court's Order dismissing the Appellants' claims should be affirmed because the alternative grounds raised in Appellee's summary judgment motion establish that there are no genuine issues as to any material fact which could sustain a viable legal claim under the Torture Victim Protection Act ("TVPA"). Appellants improperly brought claims under the TVPA because Appellants lack standing and do not provide evidence connecting the Libyan National Army ("LNA") or Mr. Hifter to the alleged events.

Appellants' claims cannot survive summary judgment because the Appellants are improper claimants, they have not brought forth evidence of an extrajudicial killing, and they cannot establish that any of the alleged TVPA violations occurred while Mr. Hifter was acting under actual or apparent authority, or color of law, of a foreign nation. No evidence establishes that Mr. Hifter ordered, had knowledge of, or failed to prevent the unlawful acts alleged. Appellants (also referred to herein as "Plaintiffs") have brought forth nothing more than speculative conclusions and inadmissible, unreliable hearsay to support their claims. Accordingly, they do not have a cognizable claim for relief against Mr. Hifter, and the District Court's ruling dismissing this case should be affirmed.

# ARGUMENT

## I. Appellants Lack Standing to Bring Suit in the Eastern District of Virginia.

Appellants have failed to satisfy the TVPA's standing requirement which limits recovery in the case of extrajudicial killings to "the individual's legal representative, or to any person who may be a claimant in an action for wrongful death." 28 U.S.C. § 1350, note § 2(a). To meet this legal requirement, the Appellants must follow applicable Virginia state law requiring them to qualify as an administrator to obtain standing to bring forward these claims. *See Baloco v. Drummond Co.*, 640 F.3d 1338, 1346 (11th Cir. 2011).

In the District Court, Plaintiffs improperly cited Va. Code § 8.01-53(A) to support their claim that they had standing to bring this suit. This statute merely establishes how a legal representative should distribute damages among beneficiaries after the representative has collected on a judgment. However, the statute does not mention who may qualify as a legal representative in a wrongful death action. That question is answered by Va. Code § 8.01-50. Plaintiffs' qualification as beneficiaries under § 8.01-53(A) is irrelevant at this stage of the proceedings. Instead, what is relevant – and undeniable – is that the Plaintiffs have not qualified as the decedents' personal representatives.

Now, for the first time on appeal, Appellants cite to Va. Code § 64.2-454 which provides for the appointment of an administrator to bring a civil action on behalf of an estate or its beneficiaries. Reply/Response Brief of Appellants at p. 9. Although the Appellants cite this statute, they fail to explain how it resolves the Plaintiffs' lack of standing. This lack of explanation is understandable given that the Plaintiffs have not obtained the necessary appointment as administrators under Va. Code § 64.2-454.

Virginia law clearly states that a wrongful death action ". . . shall be brought by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50(C). Nothing in Va. Code § 64.2-454 changes this notion. Indeed, Va. Code § 64.2-454 cites Va. Code § 8.01-50 in setting forth who may be appointed to maintain a wrongful death action. The key point is that both statutes require an appointment by the court. The purpose of Va. Code § 8.01-50 is to give a right of action to a family of a deceased, but not to allow two actions against the same defendant for the same injury. *Brammer's Adm'r v. Norfolk & W. Ry.*, 107 Va. 206, 213-14 (1907).

Plaintiffs may not supersede Virginia's requirement that a wrongful death claimant must be a personal representative/administrator of an estate. *See Harmon v. Sadjadi*, 273 Va. 184, 193 (2007) (citing *McDaniel v. North Carolina Pulp Co.*, 198 Va. 612, 615 (1956) (citing *Moore v. Smith*, 177 Va. 621, 624 (1941) and *Fugate*

*v. Moore,* 86 Va. 1045, 1047 (1890))). The Supreme Court of Virginia has consistently held that wrongful death suits are deemed a legal nullity if they are not brought by personal representatives who are appointed/qualified in Virginia. *Id.* To date, an administrator has not been qualified under Virginia law to represent Appellants' decedents or their estates. Therefore, Appellants lack standing, and the District Court's dismissal should be affirmed.

   II.   **Appellants Failed to Identify Deliberate or Extrajudicial Killings and Provided No Evidence of Command Responsibility to Support Liability.**

Appellants' Reply/Response Brief devotes several pages to a summary of the law governing who can be held liable under the TVPA for extrajudicial killings. *See* Reply/Response Brief of Appellants, pp. 10-16. While Appellants attempt to recite applicable law, they fail to present any evidence from the record which could establish Mr. Hifter's liability under the TVPA for the alleged acts. In the District Court and on appeal, Appellants have presented nothing more than mere speculation that the LNA was involved in these alleged events. Claims based on speculation are insufficient to prove an extrajudicial killing. Appellants must cite to evidence that directly identifies the LNA as being involved in the planning or execution of the alleged events. *See Mamani v. Berzain*, 654 F.3d 1148, 1155 (11th Cir. 2011) ("*Mamani I*"). No evidence or witness brought forward identifies the LNA in support of Appellants' claims.

Instead, the Appellants present only conclusory statements without reference to evidence in the record to support them. For example, Appellants state, "[t]he Defendant, as military leader and in command of the Libyan National Army ("LNA"), murdered, or as more properly termed under international law committed the extrajudicial killing of, the Plaintiffs' family members." App. Reply/Response Brief at p. 12. Then, Appellants assert, "[a]s will be detailed below, the Plaintiffs can factually and legally demonstrate the Defendant exercised the requisite degree of control over his military forces and as a result is liable to the Plaintiffs for the extrajudicial killing of their family members." App. Reply/Response Brief at p. 16. However, Appellants provide no subsequent details to support these claims.

The Appellants' brief and the record below is bereft of any evidence identifying the parties who carried out the killings or establishing that they did so while under the command of Mr. Hifter. A mere scintilla of evidence will not preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1871)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Here, Appellants do not identify any evidence within the record that indicates that Mr. Hifter is liable for their claims.

5

Further, Appellants have also failed to establish facts that support any prong of the command responsibility analysis. The Court acts as a gatekeeper for evidence so the factfinder can make a proper assessment of its credibility. *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 563 (D. Md. 2007). Appellants' news articles and other third-party sources should not prevail against the Court's gatekeeping power. It is undisputed that in 2014 there were many different, heavily armed factions operating in Benghazi. Thus, it cannot simply be assumed that the LNA was responsible for each of the alleged events. Admissible proof tying the LNA to the events is required. News articles and other third-party sources are unreliable hearsay lacking the indicia of reliability necessary to be admitted in court, yet that is the only potential evidence in the record presented by the Plaintiffs.

As such, Appellants have not satisfied any prongs of the command responsibility doctrine. Appellants' inability to establish any element of command responsibility leads to the inescapable conclusion that Mr. Hifter cannot be liable for these claims. Because the Appellants have failed to present evidence that Mr. Hifter or members of the LNA under his command were involved in the alleged extrajudicial killings, the District Court ruling must be affirmed, and Appellants' claims dismissed.

### III. Mr. Hifter was not an Individual Acting Under Actual or Apparent Authority, or Color of Law of Any Foreign Nation when the Alleged Extrajudicial Killings Occurred.

Mr. Hifter does not meet the TVPA's requirement that an individual must act "under actual or apparent authority, or color of law, of any foreign nation" before they can be held liable under the Act. Torture Victim Protection Act of 1991, 28 U.S.C.S. § 1350 note § 2(a). The record is undisputed that Mr. Hifter was not a state actor in 2014. The plain language of the TVPA indicates that if a claim is brought against a party who is not acting through a foreign nation, then it must be dismissed. In addition, "an individual acts under color of law . . . when he acts together with state officials or with significant state aid." *Chowdhury v. WorldTel Bangl. Holding, Ltd.*, 746 F.3d 42, 52-53 (2d. Cir. 2014) (citations omitted); *Khulumani v. Barclay Nat. Bank Ltd.*, 504 F.3d 254, 260 (2d Cir. 2007) (per curiam) (internal quotation marks omitted), *aff'd for want of a quorum sub nom. Am. Isuzu Motors, Inc. v. Ntsebeza*, 553 U.S. 1028 (2008); *Kadic v. Karadzic*, 70 F.3d 232, 245 (2d Cir. 1995) (same).

The Second Circuit has found that a foreign state is "an entity bearing the 'attributes of statehood,' which include a defined territory and population, self-governance and foreign relations, and the capacity to wage war and enter into international agreements." *Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 197 (2d Cir. 2019) (citing *Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 123 (2d Cir. 2016)

(quoting *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 924 F.2d 1237, 1243-44 (2d Cir. 1991)).

According to the Appellants themselves, Mr. Hifter does not hold an official position in Libya. J.A. 95. Mr. Hifter did not have a position of power over a population, the ability to enter into international agreements, wage war, or govern the Libyan people in 2014. *See Kirschenbaum*, 934 F.3d at 197. Thus, Appellants' claim is insufficient under the TVPA. The Government of National Accord was the only party who could potentially have acted with state aid in 2014 as they were then (and continue to be) Libya's recognized sovereignty by the United Nations. Mr. Hifter was not appointed as Field Marshal by the Libyan House of Representatives, a separate entity, until 2015, after these alleged incidents in 2014. Plaintiffs cannot bring a claim under the TVPA against Mr. Hifter for acts which occurred in 2014 when Mr. Hifter could not have been acting on the behalf of a foreign nation because he was not appointed to any state position of power at the time. Therefore, the District Court ruling should be affirmed.

## IV. Appellants Have Failed to Exhaust Their Administrative Remedies in Libya.

Appellants failed to address the exhaustion of remedies argument in their Response Brief; thus, Appellants have conceded that local remedies are available in Libya. "Numerous courts have held that a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the

argument." *Ramirez v. Temin & Co.*, No. 20 Civ. 6258 (ER), 2021 U.S. Dist. LEXIS 183760, at *28 n. 2 (S.D.N.Y. Sep. 24, 2021) (citing *AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812 (NRB), 2014 U.S. Dist. LEXIS 125256, at *24 (S.D.N.Y. Sep. 8, 2014)). Even if this Court should decline to apply this concession, Mr. Hifter's opening brief fully explains how the Appellants failed to exhaust their administrative remedies in Libya before bringing this case. Because the record is undisputed on this point, the District Court ruling should be affirmed.

**V.    The Court Must Dismiss this Claim Because it Lacks Jurisdiction under Head-of-State Immunity.**

Once again, Appellants failed to address this argument in their Response Brief; thus, they have conceded that the court lacks jurisdiction under head-of-state immunity. *Id.* If the Court finds that Mr. Hifter was acting under the color of law of a foreign nation (it should not), then it must also find that Mr. Hifter is entitled to head-of-state immunity. Currently, there is a split among the U.S. circuit courts on this issue. Mr. Hifter contends that the Fourth Circuit's ruling in *Yousuf* is incorrect, and there is not a *jus cogens* exception to foreign official immunity. *Yousuf v. Samantar*, 699 F.3d 763, 777 (4th Cir. 2012). We respectfully submit that the Court should adopt the position held by the majority of the Circuit Courts of Appeal which rejects the *jus cogens* exception to foreign official immunity. The logic of the majority position is sound: it prevents the improper enforcement of U.S. law against

a foreign state such as Libya. Thus, head-of-state immunity applies to Mr. Hifter and the District Court's ruling should be affirmed.

## CONCLUSION

For the foregoing reasons, the Court should uphold the dismissal of the proceeding on the grounds that Appellants failed to establish personal jurisdiction over Appellee, and Appellee established there are no genuine issues as to any material fact, and Appellants do not have a viable legal claim.

Dated: September 27, 2024

Respectfully submitted,

KHALIFA HIFTER

By Counsel

/s/ Madison A. Beatty
Robert H. Cox
Madison A. Beatty
James W. Hundley
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
(703) 883-0880 [telephone]
(703) 883-0899 [facsimile]
rcox@brigliahundley.com
mbeatty@brigliahundley.com
jhundley@brigliahundley.com

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 2,220 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: September 27, 2024

/s/ Madison A. Beatty
Madison A. Beatty

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2024, I electronically filed the foregoing Reply Brief for Defendants-Appellees with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: September 27, 2024

/s/ Madison A. Beatty
Madison A. Beatty